**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DAVID VIPOND, <br><br> Plaintiff, <br><br> v. <br><br> DAVID DEGROAT, in his official capacity as Judge of White Earth Tribal Court, and DUSTIN ROY, in his official capacity as Director of White Earth Division of Natural Resources, <br><br> Defendants. | Case No. 0:24-cv-03125-KMM-LIB |

**DEFENDANT DUSTIN ROY'S RESPONSE TO PLAINTIFF DAVID VIPOND'S NOTICE OF CONCLUSION OF TRIBAL COURT PROCEEDINGS**

Defendant Dustin Roy, in his official capacity as divisional director of White Earth Division of Natural Resources (WEDNR), respectfully submits this response to Plaintiff David Vipond's August 3, 2026 Notice of Conclusion of Tribal Court Proceedings (Dkt. 64) (Notice). As Mr. Vipond notes, the White Earth Band of Ojibwe Tribal Court of Appeals issued a decision on July 28, 2026, in *White Earth Division of Natural Resources v. David Vipond*, Appeal No. AP2025-00003, Tribal Court Case No. GC 2023-00001 (Dkt. 64-1) (Opinion and Order). Notice at 1. The Tribal Court of Appeals "affirm[ed] the Tribal Court's conclusion that the [White Earth] Nation had regulatory jurisdiction [to enact the White Earth Reservation Groundwater and Surface Water Protection Ordinance], reverse[d] the Tribal Court's conclusion that it lacked adjudicative jurisdiction over Mr. Vipond [to determine WEDNR's claim against him], and remand[ed] to the Tribal Court to determine whether any form of injunction should

1

issue temporarily or permanently (until such a time as Mr. Vipond applies for and receives a WEDNR permit or exemption)." Opinion and Order at 28. Given the express remand to the lower court, Defendant Roy disagrees with Mr. Vipond that the Tribal Court of Appeals' decision "completely resolv[ed] all pending matters in the tribal court system." Notice at 1.

This Court previously "acknowledge[d] that the contours of exhaustion in this case are somewhat opaque because the tribal court's threshold determination of its own jurisdiction might be considerably coextensive with the actual adjudication of the Nation's litigation against him in tribal court." Order (Dkt. 55) at 12 (footnote omitted). It "conclude[d] that Mr. Vipond's exhaustion requirement will not be met until, at a minimum," the Tribal Court of Appeals has upheld the exercise of jurisdiction "in the tribal case against him and his pumping activities." *Id.* (citation omitted). The United States Court of Appeals for the Eighth Circuit affirmed this Court's decision. *Vipond v. DeGroat*, 166 F.4th 694, 702 (8th Cir. 2026) ("[W]e conclude the district court did not err in denying Vipond's motion for a preliminary injunction and staying his federal case until the completion of tribal adjudication.").

Mr. Vipond has expressed his intent to file a Motion to Lift Stay and Reopen Case within fourteen days and also to move to amend his Complaint in this action. Notice at 2. In the interest of avoiding motions practice that may prove unnecessary, and in light of the Tribal Court of Appeals' remand order, Defendant Roy respectfully submits that it would be appropriate for the parties to first meet and confer regarding an appropriate process and schedule for resuming and advancing this action. Defendant Roy therefore

proposes that the parties meet and confer and jointly submit a proposed process and schedule for this Court's consideration no later than August 28, 2026. If the parties are unable to reach agreement by that date, Defendant Roy proposes that they submit separate, respective proposals. In the alternative, Defendant Roy joins Mr. Vipond's request that the Court schedule a status conference to address appropriate next steps in this action. Notice at 2.

Respectfully submitted on this 6th day of August, 2026.

/s/ Cory J. Albright
Cory J. Albright, WSBA #31493
(*Pro Hac Vice*)
Jane G. Steadman, WSBA #44395
(*Pro Hac Vice*)
KANJI & KATZEN, P.L.L.C.
811 1st Avenue, Suite 640
Seattle, WA 98104
(206) 344-8100
calbright@kanjikatzen.com
jsteadman@kanjikatzen.com

Sara K. Van Norman, MN #339568
VAN NORMAN LAW, PLLC
400 South 4th Street, Ste. 401
Minneapolis, MN 55415
(612) 299-1794
sara@svn.legal

*Counsel for Defendant Dustin Roy, in his official capacity as Divisional Director of White Earth Division of Natural Resources*

3